IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANDRE P. LESTER, )<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>ALEJANDRO MAYORKAS, )<br>Secretary of the Department of )<br>Homeland Security, )<br>    Defendant. ) | Case No. 3: 23-cv-01271<br>District Judge Richardson<br>Magistrate Judge Frensley |

## REPORT AND RECOMMENDATION

This fee-paid, pro se employment action is before the Court on Defendant's motion to dismiss for lack of subject matter jurisdiction and failure to state claim. Docket No. 15. Plaintiff opposes the motion, and the matter is fully briefed. For the reasons set forth below, the Court recommends the motion be granted and the complaint be dismissed.

### I.     BACKGROUND

Plaintiff Andre P. Lester is a 63-year-old African American male and former U.S. Customs and Border Protection (CBP) Officer at the Nashville, Tennessee, office. Docket No. 1, pp. 3, 8. He filed his pro se, form Complaint on December 4, 2023, alleging employment discrimination based on his disability (PTSD/anxiety), age,[1] and race,[2] as well as harassment, and retaliation. Docket No. 1, pp. 4, 8-10. Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), the Rehabilitation Act of 1973, and 18 U.S.C. § 111 (a)(1). Id., p. 3.

---

[1] Plaintiff did not check the box for age discrimination in his Complaint, but he referenced age discrimination in the narrative portion of this Complaint. Docket No. No. 1, pp. 3, 8.
[2] Plaintiff did not identify his race in his Complaint, but it is known from his EEO Complaint. Docket No. 16, Exhibits 1-2.

In the "Statement of Claim" section of his Complaint, Plaintiff checked the following boxes for the discriminatory conduct: termination of employment, failure to accommodate his disability, unequal terms and conditions of employment, retaliation, and unfair treatment/reprisal. Id., p. 4. He asserts the complained of conduct occurred on October 5, 2018, and January 14, 22, and 28, 2019. Id.

In his narrative statement, Plaintiff asserts the following:

(1) I bring this charge on behalf of myself because my former employer subjected me to harassment and discriminatory treatment by reason of race, age, and disability when they failed to accommodate my request for an alternative arrangement to receive firearms recertification.

(2) My employer subjected me to harassment and retaliation by reason on the basis of race, age, and disability which motivated the negative act. In particular, my employer refused to provide me with accommodations related to my diagnosed medical condition of anxiety whereas I was otherwise qualified for my federal law enforcement officer position.

(3) As a result of my former employer's unlawful discrimination and harassment motivated by my race, age, medical condition, and for asserting my rights as an employee in taking the necessary medical steps in seeking care of my medical condition, I suffered an adverse employment decision because of the disability (anxiety/PTSD) and was unfairly terminated, even with a record of such impairment verified by the Veterans Health Administration and Vanderbilt Medical Center.

(4) Assistant Area Port Director, Michael Johnson, retaliated against me and created a work environment that was abusive when he intentionally treated me poorly in his decision to write me up for asserting my rights as an employee in taking some necessary medical leave to seek care and treatment for a medical condition.

(5) Area Port Director (Ret.), Patrick McCumber]'s unfair treatment in his decision to uphold our prior agreement and require me to endure the consequences in order to continue employment is harassment and a form of unlawful disability discrimination.

(6) Assistant Area Port Director, Memphis, Alrick Brooks negative act of harassment in writing me up for seeking care for my own safety when I became the victim of criminal act.

Docket No. 1, pp. 8-10. For relief, Plaintiff seeks 2.3 million dollars in damages. Id., p. 11.

Plaintiff filed a similar judicial Complaint in this Court on August 18, 2023, based on a prior EEO Complaint asserting race, age, and disability (anxiety) discrimination, as well as retaliation for protected activity. The case was dismissed for failure to exhaust, failure to state a claim, and other reasons. *Lester v. Mayorkas*, No. 3:23-CV-00873, 2024 WL 2141950, at *4, 6 (M.D. Tenn. May 13, 2024), report and recommendation adopted, No. 3:23-CV-00873, 2024 WL 3292820 (M.D. Tenn. July 3, 2024).

Defendant argues the instant Complaint should be dismissed for the same reasons as Plaintiff's earlier case, as well as for lack of subject matter jurisdiction over Plaintiff's claim brought pursuant to 18 U.S.C. § 111(a)(1). Docket No. 15, p. 1. Defendant argues Plaintiff failed to exhaust his disability and age discrimination claims, along with some of his harassment and retaliation claims. Defendant argues the claims Plaintiff asserted during the first administrative process were for race discrimination, as well as certain harassment and retaliation claims, and that Plaintiff has abandoned his claim for race discrimination in this case aside from merely listing it amongst the laundry list of claims in the narrative portion of his Complaint. Defendant argues Plaintiff provides no factual or legal basis for a claim for discrimination based on race in the instant case.

Plaintiff counters that he exhausted administrative remedies because he filed a charge with the EEO counselor on March 29, 2019 ("March 2019 EEO Complaint") and received a Right to

File a Civil Action on September 7, 2023. Docket No. 1, p. 5.³ The March 2019 EEO Complaint includes the four sentences of "Accepted Issues" (a-d) that Plaintiff includes in the instant Complaint but does not include the substantive explanations included in the Complaint regarding disability discrimination or for a violation of criminal law. Id., pp. 9-10. Plaintiff's March 2019 EEO Complaint is based exclusively on race discrimination, harassment, and retaliation. Docket No. 16, Exs. 1-2. Defendant complains that despite having brought certain harassment and retaliation claims at the administrative level, Plaintiff has brought different harassment, and retaliation claims in this suit, leaving Defendant to speculate about the specifics of the current claims. The Court agrees.

## II.    LAW AND ANALYSIS

### 1.    Title 18 U.S.C. § 111(a)(1) – Rule 12(b)(1) Subject Matter Jurisdiction

Plaintiff asserts a claim under Tile 18 U.S.C. § 111(a)(1), a federal criminal statute regarding "[a]ssaulting, resisting, or impeding certain officers or employees." Plaintiff alleges Port Director Mark Treanor subjected him to an "involuntary and unknowing human experiment" to determine if he had a disability in violation of 18 U.S.C. § 111(a)(1)(b). Docket No. 1, p. 10.

Defendant argues Plaintiff's claim under 18 U.S.C. § 111(a)(1) should be dismissed for lack of subject jurisdiction pursuant to Rule 12(b)(1). The Court agrees.

Motions to dismiss for lack of subject matter jurisdiction fall into two general categories:

---

³ While Plaintiff checked the box for filing an EEO "charge," since Plaintiff was a federal government employee, his filing was a discrimination complaint with Defendant's EEO office in accordance with 29 C.F.R. § 1614.106 and received an Agency Decision, rather than a Notice of Right to Sue. Defendant attached as exhibits to his motion Plaintiff's March 2019 EEO complaint and the Agency's May 8, 2019 acceptance letter for Plaintiff's April 2018 EEO Complaint. As the documents referenced in the Complaint are integral to Defendant's pleadings, they may be considered without converting the instant motion to dismiss to a motion for summary judgment. *Doe v. Ohio State Univ.*, 219 F. Supp. 3d 645, 652-53 (S.D. Ohio 2016).

facial attacks and factual attacks. A facial attack is a challenge to the sufficiency of the pleading itself. On such a motion, the Court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party. *See Scheuer v. Rhodes*, 416 U.S. 232, 235–37 (1974). A factual attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations, *see Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990), and the Court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

The authority of the United States to prosecute for all offenses against the United States is governed by 28 U.S.C. § 547(1), and courts are powerless to interfere with the discretionary power of the United States Attorney in deciding when to initiate legal proceedings. *Ireland Foltz v. Welsh*, No. 15-91362-DJC, 2015 WL 7194750, at *2 (D. Mass. Nov. 16, 2015). Individual citizens have no private right of action to institute federal criminal prosecutions. *Bogard v. Allegan Cty., MI*, No. 17-2329, 2018 WL 5819476, at *3 (6th Cir. Sept. 6, 2018) (affirming dismissal of plaintiff's claim under criminal statutes for failure to state a claim because plaintiff lacked standing to bring such claims) (citations omitted).

Because this Court lacks subject matter jurisdiction over a criminal claim instituted by a private individual, Plaintiff's claim brought under 18 U.S.C. § 111(a)(1) must be dismissed.

   **2.   Remaining Claims**

Plaintiff's remaining claims fall under Title VII, the ADEA, and/or the Rehabilitation Act and appear to challenge four incidents which occurred during his federal employment. Defendant argues Plaintiff failed to bring his claims for age and disability discrimination, as well as some of

his claims for harassment and retaliation, through the EEO administrative process, and has therefore failed to exhaust. Defendant argues Plaintiff fails to state a claim with respect to his other claims for race discrimination and the remainder of his harassment and retaliation claims. Defendant contends that to the extent Plaintiff asserts an ADEA claim, it is untimely and fails to state a claim.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in [the] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P 8(a)(2)).

To survive a motion to dismiss, the factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. A plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### 3. American with Disabilities Act of 1990 (ADA)/Rehabilitation Act of 1973 Claim

As an initial matter, the Rehabilitation Act, not the Americans with Disabilities Act, is the exclusive remedy for a federal employee alleging disability-based discrimination. *Jones v. Potter*,

488 F.3d 397, 403 (6th Cir. 2007). Because Plaintiff is a former federal employee, the Rehabilitation Act, not the ADA, applies, and Plaintiff's ADA claim must be dismissed for failure to state a claim.

Exhaustion of administrative remedies is a prerequisite to filing suit against federal employers pursuant to the Rehabilitation Act. *Coats v. McDonough*, No. 3:20- CV-00298, 2021 WL 5846550, at *9 (M.D. Tenn. Dec. 9, 2021). The purpose of exhaustion "is to trigger an investigation, which gives notice to the alleged wrongdoer of its potential liability and enables the EEOC to initiate conciliation procedures in an attempt to avoid litigation." *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004) (citation omitted). A judicial Complaint must be limited to the scope of the EEOC investigation "reasonably expected to grow out of the charge" of discrimination." *Weigel v. Baptist Hosp. of E. Tennessee*, 302 F.3d 367, 380 (6th Cir. 2002) (internal citation omitted).

Here, a disability discrimination claim would not be reasonably expected to grow out of a race discrimination claim. Plaintiff did not identify a disability, nor did he raise any disability claims during the administrative process.

Specifically, Plaintiff's March 2019 EEO Complaint states, in relevant part: "On January 22, 2019, I was retaliated against as an African American employee on a live weapons firing range during a training session for what I believe was based on my race for having reported a prior EEO complaint (EEO Case #490-2019- 0049X) whereas management allowed a racially hostile work environment to exist." Docket No. 16, Ex. 1.

The judicial Complaint now before the Court asserts the following regarding the same sequence of events on January 22, 2019: "Port Director, Nashville, Mark Treanor's intentional common retaliation method of threat and intimidation or while holding a loaded Remington

7

Case 3:23-cv-01271   Document 29   Filed 02/10/25   Page 7 of 15 PageID #: 159

shotgun was an unfair intentional act motivated by the medical condition my employer thought I had. Port Director Treanor subjected me to an involuntary and unknowing human experiment to determine if I had a disability was a criminal act in violation of 18 U.S.C. § 111(a)(1)(b)." Docket No. 1, p. 10. Plaintiff appears to have changed his narrative between the filing of his March 2019 EEO Complaint--which was based on race--to the instant Complaint--which is based entirely on disability. Docket No. 16, Exs.1-2.

As Plaintiff's disability discrimination under the Rehabilitation Act claim is not within the scope of his March 2019 EEO Complaint, or reasonably expected to grow out of it, it must be dismissed for failure to exhaust.

### 4. Age Discrimination in Employment Act (ADEA) Claim

To the extent he is asserting one,[4] Plaintiff has also failed to exhaust administrative remedies regarding an ADEA claim. Plaintiff made no mention of his age, nor did he raise any age-related claims in his March 2019 EEO complaint. Docket No. 16, Exs. 1-2. Therefore, he could not have exhausted his administrative remedies for any ADEA claims.

To the extent Plaintiff argues that he was not required to exhaust with respect to an ADEA claim, but rather filed suit directly in federal Court pursuant to 29 U.S.C. § 633a(d), then he was also required to file his Complaint within 180 days after the alleged unlawful practice occurred and not less than thirty days after the Plaintiff notified the EEO Commission of his intent to file such an action. See 29 U.S.C. § 633a(d). Plaintiff has not alleged that he notified the EEOC of his intent to file suit, nor is the Court aware that he has done so. Plaintiff asserts that the discriminatory acts directed against him concluded on January 28, 2019, Docket No. 1, p. 4, which is well over

---

[4] While plaintiff did not check any boxes for a claim based on age or the ADEA in his form complaint, he states that he was discriminated based on his age in the narrative statement of his claim. Docket No. 1, p. 8.

8

Case 3:23-cv-01271    Document 29    Filed 02/10/25    Page 8 of 15 PageID #: 160

180 days prior to him filing this suit in December 2023. Accordingly, Plaintiff's claim for age discrimination under the ADEA must be dismissed as untimely and/or for failure to exhaust.

5. **Title VII Discrimination Claim - Race**

Defendant argues Plaintiff's claim for race discrimination under Title VII must be dismissed for failure to state a claim. The Court agrees.

As a former federal employee, Plaintiff is subject to the "federal employment" provisions of Title VII, which contemplate that each federal agency will establish procedures for the processing of discrimination complaints. 42 U.S.C. § 2000e-16(b). EEOC regulations require that employees of federal agencies who believe they have been discriminated against must consult an EEO Counselor prior to filing a complaint to try to informally resolve the matter. *See* 29 C.F.R. § 1614.105(a). Such employees must initiate contact with a counselor within 45 days of the matter alleged to be discriminatory, or in the case of a personnel action, within 45 days of the effective date of the action. *See* 29 C.F.R. § 1614.105(a)(1). The EEO counselor then conducts a final interview with the aggrieved person within thirty days of the date the aggrieved person brought the matter to the counselor's attention. *See* 29 C.F.R. § 1614.105(d). If the matter has not been resolved within that thirty-day period, the aggrieved person is to be notified not later than the thirtieth day of the right to file a formal discrimination complaint. *Id.*

To ensure sufficient similarity between administrative claims and claims brought in litigation, "[t]he charge must be 'sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'" *Redus v. Revenue Cycle Serv. Ctr.*, LLC, No. 3:22-CV-01029, 2023 WL 9509050, at *5 (M.D. Tenn. Sept. 18, 2023), report and recommendation adopted sub nom. *Redus v. Revenue Cycle Serv. Ctr., LLC.*, No. 3:22-CV-01029, 2024 WL 406771 (M.D. Tenn. Feb. 2, 2024). The rule serves the dual purpose of giving the

employer information concerning the complained-of conduct as well as affording the EEOC and the employer an opportunity to settle the dispute without filing suit. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010). Hence, allowing a Title VII action to encompass claims outside the reach of the EEOC charges deprives the charged party of notice and frustrates the EEOC's investigatory and conciliatory role. *Id.* at 361-362.

A plaintiff must provide "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiff has failed to do so. Although Plaintiff brought his March 2019 EEO Complaint based on race discrimination, Docket No. 16, Ex. 2, Plaintiff makes no mention of race whatsoever in the instant Complaint. Other than checking the box for "race" and listing "race" in his list of claims on his form Complaint, Docket No. 1, p. 8, in his statement of his claim, Plaintiff makes no allegations regarding the race of any other employees or how he was treated differently based on his race. *Cf., Coats v. McDonough*, 2021 WL 5846550, at *11 (Dec. 9 2012)(elements of a prima case of Title VII discrimination are: (1) plaintiff is a member of a protected class; (2) plaintiff suffered an adverse employment action; (3) plaintiff was qualified for the position in question; and (4) plaintiff was treated differently from similarly situated individuals outside of their protected class). Thus, even though Plaintiff exhausted his race discrimination claim for Title VII purposes, he now appears to have abandoned such a claim and therefor it must be dismissed.

### 6. Harassment/Hostile Work Environment Claims

Defendant next contends Plaintiff's claim for racial harassment or based on a racially hostile work environment fails to state a claim. The Court agrees.

Plaintiff asserts the following factual allegations:

(1) I bring this charge on behalf of myself because my former employer subjected me to harassment and discriminatory treatment by reason of race, age,

and disability when they failed to accommodate my request for an alternative arrangement to receive firearms recertification.

(2)     My employer subjected me to harassment and retaliation by reason on the basis of race, age, and disability which motivated the negative act. In particular, my employer refused to provide me with accommodations related to my diagnosed medical condition of anxiety whereas I was otherwise qualified for my federal law enforcement officer position.

(3)     As a result of my former employer's unlawful discrimination and harassment motivated by my race, age, medical condition, and for asserting my rights as an employee in taking the necessary medical steps in seeking care of my medical condition, I suffered an adverse employment decision because of the disability (anxiety/PTSD) and was unfairly terminated, even with a record of such impairment verified by the Veterans Health Administration and Vanderbilt Medical Center.

(4)     Assistant Area Port Director, Michael Johnson, retaliated against me and created a work environment that was abusive when he intentionally treated me poorly in his decision to write me up for asserting my rights as an employee in taking some necessary medical leave to seek care and treatment for a medical condition.

(5)     [Area Port Director (Ret.), Patrick McCumber]'s unfair treatment in his decision to uphold our prior agreement and require me to endure the consequences in order to continue employment is harassment and a form of unlawful disability discrimination.

(6)     Assistant Area Port Director, Memphis, Alrick Brooks negative act of harassment in writing me up for seeking care for my own safety when I became the victim of criminal act. Port Director Treanor subjected me to an involuntary and unknowing human experiment to determine if I had a disability was a criminal act in violation of 18 U.S.C. § 111 (a) (1) (b).

Docket No. 1, pp. 8-10.

Based on a reasonable interpretation of these allegations, Plaintiff's allegations concern allegations of harassment based on disability under the Rehabilitation Act. As previously noted, however, Plaintiff did not raise allegations of harassment/hostile work environment based on age or disability in his March 2019 EEO Complaint. Rather, he brought allegations of a racially hostile work environment there, which he now appears to have abandoned.

Plaintiff's first three harassment allegations quoted above merely state the word "race." A thorough reading demonstrates these allegations are not based on race and are insufficient to state a claim for a racially hostile work environment. *See e.g., Hafford v. Seidner*, 183 F.3d 506, 512 (6th Cir. 1999)(to allege a claim for hostile work environment, a plaintiff must establish: (1) he is a member of a protected class; (2) he was subjected to unwelcome racial harassment; (3) the harassment was based on race; (4) the harassment created a hostile work environment; and (5) the existence of employer liability). Because Plaintiff did not raise claims of harassment or hostile work environment based on age or disability or age at the administrative level, these claims must be dismissed for failure to exhaust.

With respect to Plaintiff's third allegation, Plaintiff failed to exhaust any claims concerning his termination, and therefore this claim must be dismissed.

In sum, Plaintiff has not identified his race in the instant Complaint. Plaintiff's allegations referencing race do not come close to establishing a prima facie case for a racially hostile work environment, rather they complain about being denied an accommodation for disability. Plaintiff's harassment allegations based on race must be dismissed accordingly.

### 7. Retaliation Claims

In addition to checking the box for a retaliation claim, Plaintiff asserts the following in support of his claim for retaliation:

> (7) My employer subjected me to harassment and retaliation by reason on the basis of race, age and disability which motivated the negative act. … In particular, my employer refused to provide me with accommodations related to my diagnosed medical condition of anxiety whereas I was otherwise qualified for my federal law enforcement officer position.
>
> (8) Although my employer maintains a policy of providing modified duty assignments and reasonable accommodations to others, my request for an accommodation was denied and I was retaliated against for asserting my rights as an employee.

(9) Assistant Area Port Director, Michael Johnson, retaliated against me and created a work environment that was abusive when he intentionally treated me poorly in his decision to write me up for asserting my rights as an employee in taking some necessary medical leave to seek care and treatment for a medical condition.

(10) Port Director, Nashville, Mark Treanor's intentional common retaliation method of threat and intimidation while holding a loaded Remington shotgun was an unfair intentional act motivated by the medical condition my employer thought I had.

Docket No. 1, pp. 4, 8-10.

Defendant argues that regardless of its statutory premise, Plaintiff fails to state a claim. The Court agrees.

Courts are not required to conjure up unpleaded allegations or guess at the nature of an argument. *Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001). To decipher these claims, the Court and Defendant would be required to speculate as to their basis. While it appears the allegations may arise under the Rehabilitation Act, the exact nature of the protected activities, as well as the retaliatory acts, are wholly unclear. In addition to the lack of detail as to the basis of the claims, as discussed earlier, Plaintiff has failed to exhaust.

In his March 2019 EEO Complaint, Plaintiff did not include retaliation claims based on engaging in protected activity with respect to disability, rather he alleged it with respect to race. He now appears to have now abandoned a race-based claim and has not raised in his judicial Complaint. *See Duggins v. Steak 'N Shake*, 195 F.3d 828, 832 (6th Cir. 1999) (if an EEOC charge does not properly allege a retaliation claim, the Court has jurisdiction only over retaliation arising from the filing of the EEOC charge itself). Regarding any allegations asserting retaliation under the Rehabilitation Act, Plaintiff has offered no explanation as to why he should be excepted from exhausting administrative remedies, nor is this possible because those allegations do not concern

Plaintiff engaging in the government's EEO process. As Plaintiff failed to exhaust his administrative remedies for his retaliation claims, these claims must be dismissed.

Finally, to the extent Plaintiff is attempting to allege that his termination was retaliatory, Docket No. 1, pp. 8, 10, Plaintiff fails to state a claim. Even accepting Plaintiff's allegation as true, he has at most alleged that he was wrongfully terminated for "asserting [his] rights as an employee in taking the necessary medical steps in seeking care of [his] medical condition," Id., p. 8, which resulted in Plaintiff being written up on January 28, 2019. Id., p. 10.

This is insufficient. Plaintiff failed to exhaust with respect to any claims involving his termination, and even if he had, he has failed to state a claim. *See Zulueta v. United States*, No. 3:08-CV-246, 2009 WL 1651172, at *10 (M.D. Tenn. June 10, 2009) (to establish a prima facie case of retaliation under the Rehabilitation Act, a plaintiff must establish: (1) he engaged in protected activity; (2) this exercise of protected rights was known by the defendant; (3) the defendant thereafter took adverse employment action; and (4) there was a causal connection between the protected activity and the adverse employment action).

While a plaintiff is not required to plead all elements of a prima facie case to survive a motion to dismiss, he must meet the *Iqbal* general plausibility requirement, *Thomas v. Tennessee Dep't of Hum. Servs.*, No. 3:21-CV-00426, 2022 WL 2286780, at *8 (M.D. Tenn. June 23, 2022). Plaintiff has not done so here. Plaintiff has not identified the date of his alleged termination, who made the termination decision, if such persons were aware of Plaintiff engaging in protected activity, and how he knows his termination was connected to any engagement in protected activity. Plaintiff's retaliation claim is too threadbare to survive a motion to dismiss.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that Defendant's motion to dismiss,

Docket No. 15, be **GRANTED.**

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                      **JEFFERY S. FRENSLEY**
                                      **United States Magistrate Judge**