IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANDRE P. LESTER, )
)
   Plaintiff, )
) NO. 3:23-CV-01271
v. )
) JUDGE RICHARDSON
KRISTI NOEM,[1] SECRETARY OF THE )
DEPARTMENT OF HOMELAND )
SECURITY, )
)
   Defendant. )

# ORDER

Pending before the Court[2] is a report and recommendation of the Magistrate Judge, (Doc. No. 29, "R&R"), wherein the Magistrate Judge recommends that the Court grant Defendant's motion to dismiss (Doc. No. 15, "Motion") and dismiss this action in its entirety. Plaintiff has filed objections to the R&R (Doc. No. 30, "Objections").[3] For the reasons stated herein, the R&R is adopted over Plaintiff's Objections.

## BACKGROUND

Plaintiff does not dispute any of the facts (regarding the procedural history and underlying circumstances of this case) set forth by the Magistrate Judge in the R&R. As such, the Court adopts

---

[1] Fed. R. Civ. P. 25(d) states that "an officer's successor is automatically substituted as a party." Kristi Noem became the Secretary of the Department of Homeland Security on January 25, 2025. Therefore, Kristi Noem is substituted for Alejandro Mayorkas (the previous Secretary of the Department of Homeland Security) as Defendant in this action.

[2] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[3] Herein, a given use of the term "Objections" may refer to the document (Doc. No. 30) itself, to the purported objections contained therein (i.e., the "objections" to the R&R contained within the "Objections"), or both.

that factual background in its entirety (original footnotes excluded) and includes it here for reference:

> Plaintiff Andre P. Lester is a 63-year-old African American male and former U.S. Customs and Border Protection (CBP) Officer at the Nashville, Tennessee, office. Docket No. 1, pp. 3, 8. He filed his pro se, form Complaint on December 4, 2023, alleging employment discrimination based on his disability (PTSD/anxiety), age, and race, as well as harassment, and retaliation. Docket No. 1, pp. 4, 8-10. Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), the Rehabilitation Act of 1973, and 18 U.S.C. § 111 (a)(1). Id., p. 3.
>
> In the "Statement of Claim" section of his Complaint, Plaintiff checked the following boxes for the discriminatory conduct: termination of employment, failure to accommodate his disability, unequal terms and conditions of employment, retaliation, and unfair treatment/reprisal. Id., p. 4. He asserts the complained of conduct occurred on October 5, 2018, and January 14, 22, and 28, 2019. Id.
>
> In his narrative statement, Plaintiff asserts the following:
>
> (1) I bring this charge on behalf of myself because my former employer subjected me to harassment and discriminatory treatment by reason of race, age, and disability when they failed to accommodate my request for an alternative arrangement to receive firearms recertification.
>
> (2) My employer subjected me to harassment and retaliation by reason on the basis of race, age, and disability which motivated the negative act. In particular, my employer refused to provide me with accommodations related to my diagnosed medical condition of anxiety whereas I was otherwise qualified for my federal law enforcement officer position.
>
> (3) As a result of my former employer's unlawful discrimination and harassment motivated by my race, age, medical condition, and for asserting my rights as an employee in taking the necessary medical steps in seeking care of my medical condition, I suffered an adverse employment decision because of the disability (anxiety/PTSD) and was unfairly terminated, even with a record of such impairment verified by the Veterans Health Administration and Vanderbilt Medical Center.
>
> (4) Assistant Area Port Director, Michael Johnson, retaliated against me and created a work environment that was abusive when he

intentionally treated me poorly in his decision to write me up for asserting my rights as an employee in taking some necessary medical leave to seek care and treatment for a medical condition.

(5) Area Port Director (Ret.), Patrick McCumber's unfair treatment in his decision to uphold our prior agreement and require me to endure the consequences in order to continue employment is harassment and a form of unlawful disability discrimination.

(6) Assistant Area Port Director, Memphis, Alrick Brooks negative act of harassment in writing me up for seeking care for my own safety when I became the victim of criminal act.

Docket No. 1, pp. 8-10. For relief, Plaintiff seeks 2.3 million dollars in damages. Id., p. 11. 3 Plaintiff filed a similar judicial Complaint in this Court on August 18, 2023, based on a prior EEO Complaint asserting race, age, and disability (anxiety) discrimination, as well as retaliation for protected activity. The case was dismissed for failure to exhaust, failure to state a claim, and other reasons. *Lester v. Mayorkas*, No. 3:23-CV-00873, 2024 WL 2141950, at *4, 6 (M.D. Tenn. May 13, 2024), report and recommendation adopted, No. 3:23-CV-00873, 2024 WL 3292820 (M.D. Tenn. July 3, 2024). Defendant argues the instant Complaint should be dismissed for the same reasons as Plaintiff's earlier case, as well as for lack of subject matter jurisdiction over Plaintiff's claim brought pursuant to 18 U.S.C. § 111(a)(1). Docket No. 15, p. 1.

Defendant argues Plaintiff failed to exhaust his disability and age discrimination claims, along with some of his harassment and retaliation claims. Defendant argues the claims Plaintiff asserted during the first administrative process were for race discrimination, as well as certain harassment and retaliation claims, and that Plaintiff has abandoned his claim for race discrimination in this case aside from merely listing it amongst the laundry list of claims in the narrative portion of his Complaint. Defendant argues Plaintiff provides no factual or legal basis for a claim for discrimination based on race in the instant case.

Plaintiff counters that he exhausted administrative remedies because he filed a charge with the EEO counselor on March 29, 2019 ("March 2019 EEO Complaint") and received a Right to File a Civil Action on September 7, 2023. Docket No. 1, p. 5. The March 2019 EEO Complaint includes the four sentences of "Accepted Issues" (a-d) that Plaintiff includes in the instant Complaint but does not include the substantive explanations included in the Complaint regarding disability discrimination or for a violation of criminal law. Id., pp. 9-10. Plaintiff's March 2019 EEO Complaint is based exclusively on race discrimination, harassment, and retaliation. Docket No. 16, Exs. 1-2. Defendant complains that despite having brought certain harassment and retaliation claims at the administrative level, Plaintiff has brought different harassment, and retaliation claims in this suit, leaving Defendant to speculate about the specifics of the current claims.

(Doc. No. 29 at 1-4) (footnotes omitted). The Magistrate Judge evaluated the merits of Defendant's Motion. In his analysis, the Magistrate Judge concluded that the Motion should be granted and that Plaintiff's claims should be dismissed in their entirety. (*Id.* at 15).

LEGAL STANDARD

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context*." Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019) (internal citations and quotation marks omitted).

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias*; *Hart v. Bee Property Mgmt.*, No. 18-cv-11851, 2019 WL 1242372, at *1 (E.D. Mich. March 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). This Court is not required to review, under a *de novo* or any other standard, those aspects of the report and recommendation to Plaintiff does not make an objection. *Ashraf v. Adventist Health*

*System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Security*, No. 3:18-cv-0010, 2018.

ANALYSIS

As noted, the R&R recommends that the Court grant Defendant's Motion and dismiss this action in its entirety. The Court has reviewed the Magistrate Judge's analysis and conclusions, as well as other relevant parts of the record, to assess *de novo* the parts of the R&R implicated by the Objections.

Plaintiff's Objections do not relate to the substantive merits of the Magistrate Judge's analysis underlying his conclusions, but instead focus on challenging the authority by which the Magistrate Judge can issue a report and recommendation on a motion to dismiss. Via his Objections, Plaintiff argues that he did not consent to Defendant's Motion being reviewed by the Magistrate Judge.

Plaintiff objects to the Magistrate Judge's authority to issue the R&R based upon Plaintiff's interpretations of 28 U.S.C. §§ 636(b)(1)(A) and (B). However, this objection is misplaced.

In this district, magistrate judges routinely issue reports and recommendations on motions to dismiss. The Magistrate Judge derives his authority from 28 U.S.C. § 636(b)(1). Pursuant to 28 U.S.C. § 636(b)(1)(B), a district judge may designate a magistrate judge to conduct hearings and submit *proposed* findings of fact and recommendations for disposition as to dispositive matters (which would include the instant Motion). The district judge must not, and the undersigned does not, rubber-stamp any of the findings or the recommendation set forth in the R&R to which objection is made. Instead, when a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge

may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Accordingly, the Magistrate Judge acted within his authority in issuing the R&R. Furthermore, the undersigned is acting within his authority in evaluating the Magistrate Judge's R&R and the Objections thereto.

Plaintiff has not argued any other points in opposition to the R&R, other than those challenging the Magistrate Judge's authority, as addressed above. In summary, on *de novo* review of the aspects of the R&R to which Plaintiff has objected,[4] Plaintiff's Objections are overruled.

CONCLUSION

For the reasons discussed herein, Plaintiff's Objections (Doc. No. 30) are overruled, and the Court adopts the Magistrate Judge's R&R (Doc. No. 29). Accordingly, Defendant's Motion to Dismiss (Doc. No. 15) is GRANTED, and this action is DISMISSED in its entirety.

The Clerk is DIRECTED to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[4] The Court notes that Plaintiff did not object to any particular aspect—portion—of the R&R. Rather, as indicated above, he objected to the R&R even being submitted by the Magistrate Judge (subject to the Court's *de novo* review of any parts of the R&R to which objection is). Perhaps such an objection is properly viewed as being an objection to all aspects of the R&R. But in any event, regardless of the aspects of the R&R to which the Objections are deemed to have been made, the Objections are without merit.